Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

*Sent via Cert No. 7017 3380 0000 7343 5337*

# UNITED STATES DISTRICT COURT

for the

Middle District of Pennsylvania

1:18cv 1405

_____ Division

)
)
)
Roy Belfast )
_____ )
**Plaintiff(s)** )
*(Write the full name of each plaintiff who is filing this complaint.* )
*If the names of all the plaintiffs cannot fit in the space above,* )
*please write "see attached" in the space and attach an additional* )
*page with the full list of names.)* )
–v– )
)
)
Warden David J. Elbert )
_____ )
**Defendant(s)** )
*(Write the full name of each defendant who is being sued. If the* )
*names of all the defendants cannot fit in the space above, please* )
*write "see attached" in the space and attach an additional page* )
*with the full list of names. Do not include addresses here.)* )

Case No. _____

*(to be filled in by the Clerk's Office)*

**FILED
SCRANTON**

JUL 16 2018

PER _____ DEPUTY CLERK

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Roy Belfast |
| All other names by which you have been known: | AKA Chucky Taylor ; Charles Taylor Jrn ; Charles Taylor III |
| ID Number | 76.556-004 |
| Current Institution | United States Penitentiary LEE |
| Address | P.O. Box 305 |
| | Jonesville         Va         24263 |
| | City         State         Zip Code |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

**Defendant No. 1**

| | |
|---|---|
| Name | David J. Ebbert |
| Job or Title (if known) | Warden |
| Shield Number | |
| Employer | Federal Bureau of Prisons |
| Address | United States Penitentiary   P.O. Box 1000 |
| | Lewisburg         PA         17837 |
| | City         State         Zip Code |

☐ Individual capacity     ☐ Official capacity

**Defendant No. 2**

| | |
|---|---|
| Name | |
| Job or Title (if known) | |
| Shield Number | |
| Employer | |
| Address | |
| | City         State         Zip Code |

☐ Individual capacity     ☐ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

**Defendant No. 3**

Name _____

Job or Title *(if known)* _____

Shield Number _____

Employer _____

Address _____

_____
City          State          Zip Code

☐ Individual capacity    ☐ Official capacity

**Defendant No. 4**

Name _____

Job or Title *(if known)* _____

Shield Number _____

Employer _____

Address _____

_____
City          State          Zip Code

☐ Individual capacity    ☐ Official capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☐ State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

C.   Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials? Negligence, Wrongful Act and Cruel and Unusual Punishment under the 8th Amendment

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐   Pretrial detainee

☐   Civilly committed detainee

☐   Immigration detainee

☐   Convicted and sentenced state prisoner

☑   Convicted and sentenced federal prisoner

☐   Other *(explain)* _____

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.     What date and approximate time did the events giving rise to your claim(s) occur?

(Please see Exhibit "A" for further information)

D.     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* Petitioner contracted salmonella based upon the food administrators failure to have "food service" adhere to Bureau of Prisons Program Statement guidelines regarding the proper handling, storage, preparation of food, as well as Hygiene standards associated with food service to avoid contamination and disease from developing and being passed on to the inmate population. The Warden bears responsibility for staff actions at the institution.

(Please See Exhibit "A" for further information)

## V.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. Petitioner sustained salmonella food poisoning for a number of days coming close to near death on two occasions, suffering continuous diarreaha, cramping stomach, massive weight loss, hemorrhoides, mental pain and suffering, with no treatment provided for the salmonella poisoning.

(Please See Exhibit "A" for further information)

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. Petitioner seeks 28,000 in actual damages due to the negligence and wrongful acts, near loss of life after contracting salmonella, delay in testing after being placed on IV twice to stabatize petitioners vitals and failure to directly treat the salmonella once a determination had been reached based upon test results, as well as all the above factors stated in the "INJURIES" portion stated above.

**VII.    Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☑ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

United States Penitentiary, P.O. Box 1000, Lewisburg PA 17837

B.      Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☑ Yes

☐ No

☐ Do not know

C.      Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☑ No

☐ Do not know

If yes, which claim(s)?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D.     Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☑ No

E.     If you did file a grievance:

1.     Where did you file the grievance?

_____

2.     What did you claim in your grievance?

_____

3.     What was the result, if any?

_____

4.     What steps, if any, did you take to appeal that decision?  Is the grievance process completed?  If not, explain why not.  *(Describe all efforts to appeal to the highest level of the grievance process.)*

_____

F.   If you did not file a grievance:

1.   If there are any reasons why you did not file a grievance, state them here: Cruel and Unusual Punishment claims concerning food poisoning are often raised under injury or loss 95 forms and submitted to the Region and can be also considered as negligence, wrongful act. In addition Warden Ebbert acknowledged food poisoning in institution
See Ex. "A"   memo

2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any: Petitioner filed a administrative "Tort Claim" with North East Regional Office to satisfy exhaustion of administrative remedies.

(Please See Exhibit "A")

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. Remedy requirement was also satisfied based upon institutional memo issued by Warden Ebbert dated November 30th, 2016

(Please See Exhibit "A")

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☑ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☑ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s)         _____
    Defendant(s)       _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*
    _____

3.  Docket or index number
    _____

4.  Name of Judge assigned to your case
    _____

5.  Approximate date of filing lawsuit
    _____

6.  Is the case still pending?
    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition. _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    _____

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☑ No

D.  If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit

Plaintiff(s) _____

Defendant(s) _____

2.  Court *(if federal court, name the district; if state court, name the county and State)*

_____

3.  Docket or index number

_____

4.  Name of Judge assigned to your case

_____

5.  Approximate date of filing lawsuit

_____

6.  Is the case still pending?

☐ Yes

☐ No

If no, give the approximate date of disposition _____

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

_____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   _6/25/18_

| | |
|---|---|
| Signature of Plaintiff | _Roy Belfast_ |
| Printed Name of Plaintiff | _Roy Belfast_ |
| Prison Identification # | _76556-004_ |
| Prison Address | _United States Penitentiary Lee  P.O. Box 305_ |
| | _Jonesville_           _VA_     _24263_ |
| | City                State    Zip Code |

### B.   For Attorneys

Date of signing:   _____

| | |
|---|---|
| Signature of Attorney | _____ |
| Printed Name of Attorney | _____ |
| Bar Number | _____ |
| Name of Law Firm | _____ |
| Address | _____ |
| | City              State    Zip Code |
| Telephone Number | _____ |
| E-mail Address | _____ |

EXHIBIT "A"

1. Form 95   sent via certified slip no.  7016 1970 0000 9086 3124
2. Form 95  Attachment (Basis of Claim)
3. Bureau of Prisons Health Services Clinical Encounter Reports
4. Memorandum For All USP Lewisburg Inmate Population
5. April 6th, 2017  Administrative Claim Number TRT
6. January 16 2018 Letter by Acting Regional Counsel
7. April 9th 2018  Letter by Acting Regional Counsel

7016 1970 0000 9086 3124

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| United States Federal Bureau, Northeast Regional Office, United States Customs House–Seventh Floor Second and Chestnuts Streets, Philadelphia, PA, 191067 | Roy Belfast, Jr. Reg no. 76675567-004, United States Penitentiary Lee, Post Office Box 305, Jonesville, Virginia, 242673-0305 |

| 3. TYPE OF EMPLOYMENT ☐ MILITARY ☒ CIVILIAN | 4. DATE OF BIRTH 2/12/1977 | 5. MARITAL STATUS NONE | 6. DATE AND DAY OF ACCIDENT 11/20/16 to 12/31/16 | 7. TIME (A.M. OR P.M.) 4:00 pm |
|---|---|---|---|---|

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

see: attached for factual information in regards to Basis of Claims....

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

see: attached for factual information in regards to personal injury......

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, and Zip Code) |
|---|---|
| Zimmerman, Anne CRNP; Seroski, J, PAC Potter, L. EMT-P; Shaw, M, M.D. Ayers, Jessie, PA-C; Schoonover, A, RN | All staff at Medical Service (SMU Program), United States Penitentiary, P. O. Box 1000, Lewisburg, PA, 17837 |

**12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY 28,000 | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). 28,000 |
|---|---|---|---|

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). *Roy Belfast Jr* | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE 6/27/17 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance?   ☐ Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.   ☐ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?   ☐ Yes   ☐ No   17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance?   ☐ Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).   ☐ No

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK

# E X H I B I T   A

Bureau of Prisons Health Services Clinical Encounter Reports

BASIS OF CLAIM ¶ 8:

1. On or about November 24, 2016, approximately 5:42pm, est., Roy Belfast, Jr. (hereinafter called as "Patient"), encountered Medical Services due to chief complaint of multiple episodes of diarrhea, loss of appetite, generalized body aches, fever and chills. Patients' temperature was 103.4 Fahrenheit @ 4:00pm, est., he was given IV/infused 1 liter NSS and at 5:25pm, est., his temperature subsided 1.3 degrees, i.e., 102.1 Fahrenheit. see: Exhibit A, Bureau of Prisons Health Services Clinical Encounter Report, Encounter date: 11/24/2016, 5:42pm. Upon Completion of evaluation, patient was not placed in X-Block or any other separated treatment facility for further review by Provider Schoonover, Amy J., RN. But rather escorted back to housing unit via wheelchair with custody staff, with instructions to take various medication(s). Id.


2. On or about November 25, 2016, approximately 11:12am, est., Provider Magan Shaw, MD, placed an order for STAT stool culture. On the same day, approximately 11:20am, est., patient returned to medical and was seen by Provider Jessie Ayers, PA-C. Patient had a temperature of 101.0 Fahrenheit with continuation of severe diarrhea, fever, and lack of appetite. see: Exhibit A, Id, encounter date: 11/25/2016, 11:20am, est., His stool was obtained for process in order to see if further treatment is necessary. The provider recommended Symptomatic treatment to continue. Id. Upon completion of evaluation, patient was no placed in X-Block or any other separated treatment facility for further review by Provider Jessie Ayers, PA-C. No mentioned in report patient was escorted back to the housing unit via wheelchair due to the symptoms documented on record, further, the record is devoid further instructions to counsel patient on continuation of prescribed medication(s), i.e., (1) Ibuprofen; (2) Loperamide; and (3) Pyxis; nor was there any IV given.

1.

3. On or about November 26, 2016, approximately 8:50am, est., Patient was escorted to HSU for assessment under provider L. Porter, EMT-P, his temperature reads 97.3 Fahrenheit, with continuation of fever, chills, nausea, and diarrhea. Upon completion, he was placed in X-Block to be separated and monitored. see: Exhibit A, Id., Note Date: 11/26/2016, 8:50am, est.

4. On or about November 28, 2016, approximately 3:22pm, est., Patient was seen by Provider Jennifer Seroski, PA-C, he had a temperature of 98.3 Fahrenheit, he reported multiple bowel movements on the 27th of November (the report lacks any treatment or being seen by a provider on that day), feeling weak and vomited twice. The Provider failed to provide any IV or provide any examination for vomiting. Nor did the provider counseled patient in relation to these symptoms. see: Id, encounter date: 11/28/20167, 3:22pm. At approximately 5:02pm, est., Provider Jennifer Seroski, PA-C, submitted another examination regards to the patient, but failed to submit a temperature, pulse, and respiration reading due to his multiple vomiting and weakness to see if any status has changed. see: Exhibit A, Id., encounter date: 11/28/2016, 5:02pm.

5. On or about November 29, 2016, approximately 3:13pm, est., Patient was seen by provider Anna Zimmerman, CRNP, the report denies any more symptoms, however, no temperature or pulse was submitted. The record states in part: "Does not need daily evaluations at this point since symptoms are improving. Can return to sick call if symptoms return/worsen." see: Exhibit A, Id., encounter date: 11/29/2016, 3:13.

6. On or about November 30, 2016, approximately 5:10pm, est., A Geisinger Proven Diagnostics Report submitted by Myra L. Wilkerson, M.D., at Geisinger Medical Center, in relation to Roy Belfast, pertaining to collected stool sample on or about November 25, 2016, (see: Exhibit A), report states in part: "susceptibility - COMP STOOL CULTURE: Salmonella Species test results reported to PA Dept of Health." see: Exhibit B.

7. On or about November 30, 2016, time unknown, Department of Justice, Federal Bureau of Prisons, United States Penitentiary Lewisburg, David J. Ebbert, Warden, submitted a memorandum to inform all inmate population of a gastrointestinal condition within the SMU. see: Exhibit C.

---

Personal injury/wrongful death, ¶ 10:

In accordance to Federal Tort Claims Act ("FTCA") against the United States, Complainant files this instant claim in relation to SMU Institution Food Service Staff served tainted (mandatory) meals, while incarcerated at U.S.P. Lewisburg. As a result, suffered multiple symptoms of salmonella poisoning, including nausea, blood pressure, temporary severe pain, dizziness, loss of weight, fever, vomiting, loss of appetite, and diarrhea. Under these conditions, medical failed to provide adequate and appropriate medication for illness, which caused salmonella to remain in his system for over a period of time. Further, upon notification to all inmates at U.S.P. Lewisburg, complainant was denied further treatment and proper care in relation to salmonella outbreak.

3.

# E X H I B I T   B

Geisinger Proven Diagnostics Report

Sent 11/30/2016 05:10:43.  Page - 21

| | | |
|---|---|---|
| 11/30/2016 | Geisinger Proven Diagnostics | STAT BROADCAST RPT |
| 05:10 | 100 N Academy Ave,Danville PA 17822 | PAGE 1 |
| | Myra L Wilkerson M.D. - Chairman,Laboratory Medicine 866-869- | SEQUENCE NO.: |

NAME: BELFAST,ROY                          DOB: 02/12/1977  AGE: 39Y
MRN : USPLEW76556004     LOC: USPLEW                      SEX: M
ACCT: B0252578           DR: SHAW PAC,MEGAN          CODE: 213095

F57762    COLL: 11/25/2016 UNKNOWN REC: 11/25/2016 20:06 PHYS: SHAW PAC,MEGAN

COMP STOOL CULTURE                                    STAT
  SETUP:  11/25/2016  2014
  SPECIMEN DESCRIPTION    PRESERVED STOOL                    {G1}
  EIA                     NO CAMPYLOBACTER ANTIGEN DETECTED  {G1}
                          NO E. COLI SHIGA TOXIN 1 AND E. COLI
                            SHIGA TOXIN 2 DETECTED
  CULTURE                 SALMONELLA SPECIES TEST RESULTS REPORTED {G1}
                            TO PA DEPT OF HEALTH.
                          SALMONELLA SPECIES
                          NO YERSINIA OR AEROMONAS ISOLATED
  REPORT STATUS           FINAL 11/29/2016                  {G1}

SUSCEPTIBILITY          COMP STOOL CULTURE
    SPECIMEN DESCRIPTION  PRESERVED STOOL
  ORGANISM                SALMONELLA SPECIES TEST RESULTS REPORTED {G1}
                            TO PA DEPT OF HEALTH.
  METHOD                  VITEK                             {G1}
  TRIMETH-SULFAMETHOXA    SUSCEPTIBLE                       {G1}
  AMPICILLIN              SUSCEPTIBLE                       {G1}
  CEFTRIAXONE             SUSCEPTIBLE                       {G1}
  CIPROFLOXACIN           SUSCEPTIBLE                       {G1}
  LEVOFLOXACIN            SUSCEPTIBLE                       {G1}

  {G1} = PERFORMED AT GEISINGER MEDICAL CENTER,100 N ACADEMY AVE,DANVILLE PA 17822

# Bureau of Prisons
# Health Services
# Clinical Encounter

| | | | | |
|---|---|---|---|---|
| Inmate Name:  BELFAST JR, ROY M | | | Reg #:  76556-004 |
| Date of Birth:  02/12/1977 | Sex:  M   Race:  BLACK | | Facility:  LEW |
| Encounter Date:  11/24/2016 17:42 | Provider:  Schoonover, Amy J RN | | Unit:  J03 |

Nursing - Evaluation encounter performed at Health Services.

**SUBJECTIVE:**

**COMPLAINT  1**          Provider: Schoonover, Amy J RN

**Chief Complaint:** Diarrhea

**Subjective:**  I/M with c/o multiple episodes of diarrhea, loss of appetite, generalized body aches, fever and chills

**Pain:**  Yes

**Pain Assessment**

| | |
|---|---|
| **Date:** | 11/24/2016 17:46 |
| **Location:** | Generalized |
| **Quality of Pain:** | Aching |
| **Pain Scale:** | 4 |
| **Intervention:** | Ibuprofin |
| **Trauma Date/Year:** | |
| **Injury:** | |
| **Mechanism:** | |
| **Onset:** | 3-5 Days |
| **Duration:** | 3-5 Days |
| **Exacerbating Factors:** | denies |
| **Relieving Factors:** | denies |
| **Comments:** | |

**OBJECTIVE:**

**Temperature:**

| Date | Time | Fahrenheit | Celsius | Location | Provider |
|---|---|---|---|---|---|
| 11/24/2016 | 17:25 LEW | 102.1 | 38.9 | Oral | Schoonover, Amy J RN |
| 11/24/2016 | 16:00 LEW | 103.4 | 39.7 | Oral | Schoonover, Amy J RN |

**Pulse:**

| Date | Time | Rate Per Minute | Location | Rhythm | Provider |
|---|---|---|---|---|---|
| 11/24/2016 | 17:25 LEW | 97 | Via Machine | | Schoonover, Amy J RN |
| 11/24/2016 | 17:10 LEW | 91 | Via Machine | | Schoonover, Amy J RN |
| 11/24/2016 | 16:00 LEW | 138 | Via Machine | | Schoonover, Amy J RN |

**Respirations:**

| Date | Time | Rate Per Minute | Provider |
|---|---|---|---|
| 11/24/2016 | 16:00 LEW | 16 | Schoonover, Amy J RN |

**Blood Pressure:**

| Date | Time | Value | Location | Position | Cuff Size | Provider |
|---|---|---|---|---|---|---|
| 11/24/2016 | 17:25 LEW | 121/75 | Right Arm | Sitting | Adult-large | Schoonover, Amy J RN |
| 11/24/2016 | 17:10 LEW | 116/72 | Right Arm | Sitting | Adult-large | Schoonover, Amy J RN |
| 11/24/2016 | 16:00 LEW | 98/67 | Right Arm | Sitting | Adult-large | Schoonover, Amy J RN |

**Exam:**

| Inmate Name: | BELFAST JR, ROY M | | | Reg #: | 76556-004 |
|---|---|---|---|---|---|
| Date of Birth: | 02/12/1977 | Sex: | M   Race:  BLACK | Facility: | LEW |
| Encounter Date: | 11/24/2016 17:42 | Provider: | Schoonover, Amy J RN | Unit: | J03 |

## Exam:

### General

#### Appearance

Yes: Alert and Oriented x 3

No: Dyspneic, Appears in Pain

## ASSESSMENT:

Diarrhea

During PM pill line, I/M with c/o multiple episodes of diarrhea, loss of appetite, generalized body aches, fever and chills. VS obtained at cell, I/M noted to be hypotensive, tachycardic and febrile. Spoke with Dr. Edinger, who ordered IVF, Immodium and Ibuprofen. I/M escorted to UCR via wheelchair. #18 gauge IV inserted in left forearm. Infused 1 liter NSS. After 1 liter of fluid infused, VS noted to be improved. I/M reports, "I feel much better." I/M remained febrile, 102.1. I/M given Ibuprofen and advised to take for fever and body aches. I/M advised on proper self administration of Immodium and Ibuprofen. I/M conveyed understanding. IV catheter removed from I/M's arm, noted to be intact. I/M escorted back to housing unit via wheelchair with Custody staff.

## PLAN:

## New Medication Orders:

| Rx# | Medication | Order Date | Prescriber Order |
|---|---|---|---|
| | Ibuprofen Tablet | 11/24/2016 17:42 | 1-2 tabs Orally  -four times a day x 3 day(s) |

      **Start Now:** Yes

        **Night Stock Rx#:**

        **Source:** Pyxis

        **Admin Method:** Self Administration

        **Stop Date:** 11/27/2016 17:41

        **MAR Label:** 1-2 tabs Orally  -four times a day x 3 day(s)

        **One Time Dose Given:** No

| Rx# | Medication | Order Date | Prescriber Order |
|---|---|---|---|
| | Loperamide Capsule | 11/24/2016 17:42 | take 2 capsules by mouth  Orally -  daily PRN x 3 day(s) -- take 2 capsules by mouth for 1st dose then take 1 capsule by mouth after each loose stool until relieved **no more than 8 total capsules in 24 hours** |

      **Start Now:** Yes

        **Night Stock Rx#:**

        **Source:** Pyxis

        **Admin Method:** Self Administration

        **Stop Date:** 11/27/2016 17:41

        **MAR Label:** take 2 capsules by mouth  Orally -  daily PRN x 3 day(s) -- take 2 capsules by mouth for 1st dose then take 1 capsule by mouth after each loose stool until relieved **no more than 8 total capsules in 24 hours**

        **One Time Dose Given:** No

## Disposition:

Follow-up at Sick Call as Needed

Return Immediately if Condition Worsens

| | |
|---|---|
| Inmate Name: **BELFAST JR, ROY M** | Reg #: 76556-004 |
| Date of Birth: 02/12/1977 | Facility: LEW |
| Encounter Date: 11/24/2016 17:42 | Unit: J03 |

Sex: M   Race: BLACK
Provider: Schoonover, Amy J RN

Follow-up in 12-24 Hours

**Patient Education Topics:**

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|
| 11/24/2016 | Counseling | Access to Care | Schoonover, Amy | Verbalizes Understanding |

**Copay Required:** No        **Cosign Required:** Yes
**Telephone/Verbal Order:** Yes    **By:** Edinger, Andrew MD/CD
**Telephone or Verbal order read back and verified.**

Completed by Schoonover, Amy J RN on 11/24/2016 18:06
Requested to be cosigned by  Edinger, Andrew MD/CD.
Cosign documentation will be displayed on the following page.
Requested to be reviewed by  Shaw, Megan MD.
Review documentation will be displayed on the following page.

## Bureau of Prisons
## Health Services
## Cosign/Review

| | | | | | |
|---|---|---|---|---|---|
| Inmate Name: | BELFAST JR, ROY M | | | Reg #: | 76556-004 |
| Date of Birth: | 02/12/1977 | Sex: | M | Race: | BLACK |
| Encounter Date: | 11/24/2016 17:42 | Provider: | Schoonover, Amy J RN | Facility: | LEW |

**Reviewed by Shaw, Megan MD on 11/25/2016 15:38.**

## Bureau of Prisons
## Health Services
## Cosign/Review

| | | | | | |
|---|---|---|---|---|---|
| Inmate Name: | BELFAST JR, ROY M | | | Reg #: | 76556-004 |
| Date of Birth: | 02/12/1977 | Sex: | M | Race: | BLACK |
| Encounter Date: | 11/24/2016 17:42 | Provider: | Schoonover, Amy J RN | Facility: | LEW |

**Cosigned by Edinger, Andrew MD/CD on 11/26/2016 10:55.**
**Screenings have been acknowledged.**

# Bureau of Prisons
# Health Services
# Clinical Encounter - Administrative Note

| | | | | | |
|---|---|---|---|---|---|
| Inmate Name: | BELFAST JR, ROY M | | | Reg #: | 76556-004 |
| Date of Birth: | 02/12/1977 | Sex: M | Race: BLACK | Facility: | LEW |
| Note Date: | 11/25/2016 11:12 | Provider: | Shaw, Megan MD | Unit: | J03 |

Admin Note - Orders encounter performed at Health Services.
**Administrative Notes:**

    **ADMINISTRATIVE NOTE   1**      **Provider:** Shaw, Megan MD
        Order placed for STAT stool culture

**ASSESSMENTS:**

  Diarrhea, unspecified, R197 - Current

**New Laboratory Requests:**

| **Details** | **Frequency** | **Due Date** | **Priority** |
|---|---|---|---|
| Lab Tests-C-Culture, Stool | One Time | 11/25/2016 00:00 | Stat |

      **Lab personnel verbally notified of a priority order of Today or Stat**

**Copay Required:** No      **Cosign Required:** No
**Telephone/Verbal Order:** No

Completed by Shaw, Megan MD on 11/25/2016 11:14

# Bureau of Prisons
# Health Services
# Clinical Encounter

| | | |
|---|---|---|
| Inmate Name: BELFAST JR, ROY M | | Reg #: 76556-004 |
| Date of Birth: 02/12/1977 | Sex: M   Race: BLACK | Facility: LEW |
| Encounter Date: 11/25/2016 11:20 | Provider: Ayers, Jessie PA-C | Unit: J03 |

Mid Level Provider - Follow up Visit encounter performed at Health Services.

## SUBJECTIVE:

**COMPLAINT 1**      **Provider:** Ayers, Jessie PA-C

**Chief Complaint:** Diarrhea

**Subjective:** Inmate states he is still suffering from severe diarrhea.  He has had "atleast 20 bowel movements since last night".  Inmate denies any blood or mucus in stool but states it is green and watery.  Inmate states he has felt feverish on and off and that he has no apatite.

**Pain:** No

## OBJECTIVE:

**Temperature:**

| Date | Time | Fahrenheit | Celsius | Location | Provider |
|---|---|---|---|---|---|
| 11/25/2016 | 11:20 LEW | 101.0 | 38.3 | Oral | Ayers, Jessie PA-C |

**Pulse:**

| Date | Time | Rate Per Minute | Location | Rhythm | Provider |
|---|---|---|---|---|---|
| 11/25/2016 | 11:44 LEW | 89 | | | Ayers, Jessie PA-C |
| 11/25/2016 | 11:20 LEW | 98 | Via Machine | | Ayers, Jessie PA-C |

**Respirations:**

| Date | Time | Rate Per Minute | Provider |
|---|---|---|---|
| 11/25/2016 | 11:20 LEW | 16 | Ayers, Jessie PA-C |

**Blood Pressure:**

| Date | Time | Value | Location | Position | Cuff Size | Provider |
|---|---|---|---|---|---|---|
| 11/25/2016 | 11:44 LEW | 128/78 | Left Arm | Lying | Adult-large | Ayers, Jessie PA-C |
| 11/25/2016 | 11:20 LEW | 115/74 | Left Arm | Lying | Adult-large | Ayers, Jessie PA-C |

**SaO2:**

| Date | Time | Value(%) | Air | Provider |
|---|---|---|---|---|
| 11/25/2016 | 11:20 LEW | 98 | | Ayers, Jessie PA-C |

**Exam:**

**General**

**Affect**
Yes: Pleasant, Cooperative

**Appearance**
Yes: Appears Well, Alert and Oriented x 3, Pale
No: Appears Distressed, Jaundiced, Cyanotic, Diaphoretic

**Eyes**

**General**
Yes: Extraocular Movements Intact

**Face**

| | |
|---|---|
| Inmate Name:  BELFAST JR, ROY M | Reg #:  76556-004 |
| Date of Birth:  02/12/1977 | Facility:  LEW |
| Encounter Date:  11/25/2016 11:20 | Unit:  J03 |

Sex:  M   Race:  BLACK
Provider:  Ayers, Jessie PA-C

**Exam:**

    **General**

        Yes: Symmetric

    **Pulmonary**

        **Observation/Inspection**

            No: Respiratory Distress

    **Cardiovascular**

        **Observation**

            Yes: Within Normal Limits

    **Musculoskeletal**

        **Gait**

            Yes: Normal Gait

  <u>**Exam Comments**</u>

    Mucus membranes dry

**ASSESSMENT:**

  Diarrhea, unspecified, R197 - Current

**PLAN:**

**Disposition:**

  Follow-up at Sick Call as Needed

**Other:**

  Stool culture obtained, stool liquid and green. Will await culture to assess need for further treatment. Symptomatic treatment to continue. Inmate instructed to increase fluids and eat band foods. Inmate to practice good hand washing. Tylenol given to inmate.

**Patient Education Topics:**

| <u>Date Initiated</u> <u>Format</u> | <u>Handout/Topic</u> | <u>Provider</u> | <u>Outcome</u> |
|---|---|---|---|
| 11/25/2016    Counseling | Plan of Care | Ayers, Jessie | Attentive |

**Copay Required:** No      **Cosign Required:** No
**Telephone/Verbal Order:**  No

Completed by Ayers, Jessie PA-C on 11/25/2016 11:54

# Bureau of Prisons
# Health Services
# Clinical Encounter - Administrative Note

| | | | | | |
|---|---|---|---|---|---|
| Inmate Name: | BELFAST JR, ROY M | | | Reg #: | 76556-004 |
| Date of Birth: | 02/12/1977 | Sex: | M    Race: BLACK | Facility: | LEW |
| Note Date: | 11/26/2016 08:50 | Provider: | Potter, L. EMT-P | Unit: | X01 |

Admin Note - General Administrative Note encounter performed at Health Services.

**Administrative Notes:**

**ADMINISTRATIVE NOTE   1**         **Provider:** Potter, L. EMT-P

I/M escorted to the HSU for assessment prior to placement in X-Block post 3 to 5 days of fever, chills, nausea and diarrhea. I/M denies any pain at this time. I/M states the symptoms continue and is drinking water. Vitals taken and WNL. I/M escorted to X-Block to be separated for contact precautions and will continue to monitor the I/M's condition.

**Temperature:**

| Date | Time | Fahrenheit | Celsius | Location | Provider |
|---|---|---|---|---|---|
| 11/26/2016 | 08:50 LEW | 97.3 | 36.3 | Oral | Potter, L. EMT-P |

**Pulse:**

| Date | Time | Rate Per Minute | Location | Rhythm | Provider |
|---|---|---|---|---|---|
| 11/26/2016 | 08:50 LEW | 106 | Via Machine | Regular | Potter, L. EMT-P |

**Respirations:**

| Date | Time | Rate Per Minute | Provider |
|---|---|---|---|
| 11/26/2016 | 08:50 LEW | 16 | Potter, L. EMT-P |

**Blood Pressure:**

| Date | Time | Value | Location | Position | Cuff Size | Provider |
|---|---|---|---|---|---|---|
| 11/26/2016 | 08:50 LEW | 120/82 | Left Arm | Sitting | | Potter, L. EMT-P |

**SaO2:**

| Date | Time | Value(%) | Air | Provider |
|---|---|---|---|---|
| 11/26/2016 | 08:50 LEW | 97 | Room Air | Potter, L. EMT-P |

**Copay Required:** No                **Cosign Required:** Yes

**Telephone/Verbal Order:**  No

Completed by Potter, L. EMT-P on 11/26/2016 13:39
Requested to be cosigned by Shaw, Megan MD.
Cosign documentation will be displayed on the following page.

# Bureau of Prisons
# Health Services
# Cosign/Review

| | | | | | | |
|---|---|---|---|---|---|---|
| Inmate Name: | BELFAST JR, ROY M | | | Reg #: | 76556-004 | |
| Date of Birth: | 02/12/1977 | Sex: | M | Race: | BLACK | |
| Encounter Date: | 11/26/2016 08:50 | Provider: | Potter, L. EMT-P | Facility: | LEW | |

**Cosigned by Shaw, Megan MD on 11/27/2016 10:46.**

# Bureau of Prisons
# Health Services
# Clinical Encounter

| | | | |
|---|---|---|---|
| Inmate Name: BELFAST JR, ROY M | | Reg #: | 76556-004 |
| Date of Birth: 02/12/1977 | Sex: M   Race: BLACK | Facility: | LEW |
| Encounter Date: 11/28/2016 15:22 | Provider: Seroski, Jennifer PA-C | Unit: | X01 |

Mid Level Provider - Evaluation encounter performed at Special Housing Unit.

## SUBJECTIVE:

**COMPLAINT 1**   **Provider:** Seroski, Jennifer PA-C

**Chief Complaint:** GASTROINTESTINAL

**Subjective:** F/U for GI symptoms.  Inmate reports 17-18 watery BM yesterday however tells me that it stopped at 12am last night and he has had no diarrhea since.  Does feel weak and admits to vomiting x 2 today.  Denies dizziness, fever, diarrhea, abdominal pain, or nausea today.

**Pain:** No

## OBJECTIVE:

**Temperature:**

| Date | Time | Fahrenheit | Celsius | Location | Provider |
|---|---|---|---|---|---|
| 11/28/2016 | 16:02 LEW | 98.3 | 36.8 | Oral | Seroski, Jennifer PA-C |

**Pulse:**

| Date | Time | Rate Per Minute | Location | Rhythm | Provider |
|---|---|---|---|---|---|
| 11/28/2016 | 16:02 LEW | 72 | Radial | Regular | Seroski, Jennifer PA-C |

**Respirations:**

| Date | Time | Rate Per Minute | Provider |
|---|---|---|---|
| 11/28/2016 | 16:02 LEW | 18 | Seroski, Jennifer PA-C |

**Exam:**

**General**
  **Affect**
    Yes: Cooperative
  **Appearance**
    Yes: Alert and Oriented x 3
    No: Lethargic, Pale, Diaphoretic

**Skin**
  **General**
    Yes: Within Normal Limits

**Eyes**
  **Conjunctiva and Sclera**
    Yes: Within Normal Limits

**Lips**
  **General**
    No: Cheilitis

**Mouth**
  **Mucosa**
    Yes: Within Normal Limits

**Pulmonary**

See Amendment

| Inmate Name: BELFAST JR, ROY M | | Reg #: 76556-004 |
|---|---|---|

Inmate Name: BELFAST JR, ROY M
Date of Birth: 02/12/1977
Encounter Date: 11/28/2016 15:22

Sex: M   Race: BLACK
Provider: Seroski, Jennifer PA-C

Reg #: 76556-004
Facility: LEW
Unit: X01

**Exam:**

   **Observation/Inspection**
      Yes: Within Normal Limits

   **Cardiovascular**
   **Observation**
      Yes: Within Normal Limits

   **Abdomen**
   **Inspection**
      Yes: Within Normal Limits

   **Palpation**
      No: Soft, Guarding

   **Musculoskeletal**
   **Gait**
      Yes: Normal Gait

**Exam Comments**
   Inmate speaks in full complete sentences without difficulty.  Skin turgor normal.

**ASSESSMENT:**

   Closed fracture 1 or more phalanges mid/proximal, 816.01 - Resolved

   Dermatitis due to other specified cause, 692.89 - Resolved

   Seborrhea capitis, 690.11 - Resolved

   Diarrhea, unspecified, R197 - Current

**PLAN:**

**Disposition:**
   Return Immediately if Condition Worsens
   Return To Sick Call if Not Improved

**Other:**
   Stool culture pending
   Advised BRAT diet
   Increase fluids
   Vital signs stable and skin turgor normal
   Monitor

**Patient Education Topics:**

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|
| 11/28/2016 | Counseling | Plan of Care | Seroski, Jennifer | Attentive |

| Inmate Name:   BELFAST JR, ROY M<br>Date of Birth:   02/12/1977<br>Encounter Date:  11/28/2016 15:22 | Sex:   M   Race:   BLACK<br>Provider:  Seroski, Jennifer PA-C | Reg #:   76556-004<br>Facility:  LEW<br>Unit:   X01 |
|---|---|---|

**Copay Required:** No          **Cosign Required:** No

**Telephone/Verbal Order:**  No

Completed by Seroski, Jennifer PA-C on 11/28/2016 16:07



# Bureau of Prisons
# Health Services
# Clinical Encounter

| | | |
|---|---|---|
| Inmate Name:  BELFAST JR, ROY M | | Reg #:  76556-004 |
| Date of Birth:  02/12/1977 | Sex:  M   Race:  BLACK | Facility:  LEW |
| Encounter Date:  11/28/2016 17:02 | Provider:  Seroski, Jennifer PA-C | Unit:  X01 |

Mid Level Provider - Evaluation encounter performed at Special Housing Unit.

## SUBJECTIVE:

**COMPLAINT  1**          Provider: Seroski, Jennifer PA-C

**Chief Complaint:** GASTROINTESTINAL

**Subjective:**   F/U for GI symptoms.  Inmate reports 17-18 watery BM yesterday however tells me that it stopped at 12 am last night and he has had no diarrhea since.  Does feel weak and admits to vomiting x 2 today.  Denies dizziness, fever, diarrhea, abdominal pain, or nausea today.

**Pain:**   No

## OBJECTIVE:

Exam:
  General
    **Affect**
      Yes: Cooperative
    **Appearance**
      Yes: Alert and Oriented x 3
      No: Lethargic, Pale, Diaphoretic
  Skin
    **General**
      Yes: Within Normal Limits
  Eyes
    **Conjunctiva and Sclera**
      Yes: Within Normal Limits
  Lips
    **General**
      No: Cheilitis
  Mouth
    **Mucosa**
      Yes: Within Normal Limits
  Pulmonary
    **Observation/Inspection**
      Yes: Within Normal Limits
  Cardiovascular
    **Observation**
      Yes: Within Normal Limits
  Abdomen
    **Inspection**
      Yes: Within Normal Limits
    **Palpation**
      Yes: Soft
      No: Guarding
  Musculoskeletal

| | | |
|---|---|---|
| Inmate Name:   BELFAST JR, ROY M<br>Date of Birth:   02/12/1977<br>Encounter Date:  11/28/2016 17:02 | Sex:        M    Race:  BLACK<br>Provider:  Seroski, Jennifer PA-C | Reg #:    76556-004<br>Facility:  LEW<br>Unit:       X01 |

**Exam:**

**Gait**
Yes: Normal Gait

**Exam Comments**
Inmate speaks in full complete sentences without difficulty.  Skin turgor normal.

**ASSESSMENT:**

Closed fracture 1 or more phalanges mid/proximal, 816.01 - Resolved

Dermatitis due to other specified cause, 692.89 - Resolved

Seborrhea capitis, 690.11 - Resolved

Diarrhea, unspecified, R197 - Current

**PLAN:**

Copay Required: No          **Cosign Required:**  No
**Telephone/Verbal Order:**   No

Completed by Seroski, Jennifer PA-C on 11/28/2016 17:03

# Bureau of Prisons
# Health Services
# See Amendment

| | | | | | |
|---|---|---|---|---|---|
| Inmate Name: | BELFAST JR, ROY M | | | Reg #: | 76556-004 |
| Date of Birth: | 02/12/1977 | Sex: | M | Race: | BLACK |
| Encounter Date: | 11/28/2016 17:02 | | | Facility: | LEW |

Amendment made to this note by Seroski, Jennifer PA-C on 11/28/2016 17:03.

# Bureau of Prisons
# Health Services
# Clinical Encounter

| | | | | | |
|---|---|---|---|---|---|
| Inmate Name: BELFAST JR, ROY M | | | | Reg #: | 76556-004 |
| Date of Birth: 02/12/1977 | | Sex: M   Race: BLACK | | Facility: | LEW |
| Encounter Date: 11/29/2016 15:13 | | Provider: Zimmerman, Anna CRNP | | Unit: | X01 |

Mid Level Provider - Follow up Visit encounter performed at Health Services.

**SUBJECTIVE:**

**COMPLAINT 1**        **Provider:** Zimmerman, Anna CRNP

**Chief Complaint:** No Complaint(s)

**Subjective:** F/U for diarrhea.
Inmate reports improvement.
5 BMs over past 24 hours.
Denies fevers/chills/nausea/vomiting/bloody diarrhea/body aches.

**Pain:** No

**OBJECTIVE:**

**Respirations:**

| Date | Time | Rate Per Minute | Provider |
|---|---|---|---|
| 11/29/2016 | 15:14 LEW | 16 | Zimmerman, Anna CRNP |

**Exam:**

**General**

**Affect**
Yes: Pleasant, Cooperative

**Appearance**
Yes: Appears Well, Alert and Oriented x 3
No: Appears Distressed, Appears in Pain, Writhing in Pain, Acutely Ill

**ASSESSMENT:**

Diarrhea, unspecified, R197 - Current

**PLAN:**

**Disposition:**
Follow-up at Sick Call as Needed
Return Immediately if Condition Worsens
Return To Sick Call if Not Improved

**Other:**
Advised to continue symptomatic care, continue oral fluids as tolerable, good hand hygiene. In contact precautions at this time.

Does not need daily evaluations at this point since symptoms are improving. Can return to sick call if symptoms return/worsen.

**Patient Education Topics:**

| Date Initiated | Format | Handout/Topic | Provider | Outcome |
|---|---|---|---|---|

Inmate Name:   BELFAST JR, ROY M
Date of Birth:   02/12/1977
Encounter Date: 11/29/2016 15:13

Sex:      M    Race:  BLACK
Provider:  Zimmerman, Anna CRNP

Reg #:   76556-004
Facility:  LEW
Unit:      X01

| Date Initiated | Format | Handout/Topic | | Provider | Outcome |
|---|---|---|---|---|---|
| 11/29/2016 | Counseling | Plan of Care | | Zimmerman, Anna | Verbalizes Understanding |

Copay Required: No              Cosign Required:  No
Telephone/Verbal Order:  No

Completed by Zimmerman, Anna CRNP on 11/29/2016 15:21

# E X H I B I T   C

Memorandum For All USP Lewisburg Inmate Population



**U.S. Department of Justice**
Federal Bureau of Prisons
*United States Penitentiary*
*2400 Robert F. Miller Drive*
*P. O. Box 1000*
*Lewisburg, PA  17837*

November 30, 2016

MEMORANDUM FOR ALL USP LEWISBURG INMATE POPULATION

FROM:           David J. Ebbert, Warden

SUBJECT:        Gastrointestinal Illness

The purpose of this memorandum is to inform the inmate population of a gastrointestinal condition within the SMU population at USP Lewisburg.  Inmates who have presented with symptoms (fever, diarrhea, and stomach cramping) are being isolated as well as a smaller number of unaffected inmates due to being celled and/or in direct contact with affected inmates.

We will continue with a modified schedule to include box lunches through the weekend.  Commissary sales will resume on Thursday.

As a reminder, proper hygiene methods should be utilized such as frequent and effective hand washing:
1. Use warm, running water
2. Use soap whenever possible
3. Rub hands together for at least 20 seconds
4. Scrub underneath the fingernails
5. Rinse and then dry

When to wash your hands:
1. After using the toilet
2. Before eating or touching food



**U.S. Department of Justice**

Federal Bureau of Prisons
*United States Penitentiary*
*2400 Robert F. Miller Drive*
*P. O. Box 1000*
*Lewisburg, PA  17837*

30 de noviembre de 2016

MEMORÁNDUM PARA LA TODA POBLACIÓN DE RECLUSOS DE LEWISBURG USP

DE: David J. Ebbert, Alcaide

TEMA: Enfermedad Gastrointestinal

El propósito de este memorando es informar a la población reclusa
de una afección gastrointestinal dentro de la población de la SMU
en Lewisburg USP. Los reclusos que presentan con síntomas (fiebre,
diarrea y retortijones de estómago) están siendo aislados así como
un menor número de internos afectados por ser celled o en contacto
directo con los internos afectados.

Vamos a seguir con un horario modificado para incluir cajas de
almuerzo con el fin de semana. Ventas de Comisario se reanudarán
el jueves.

Como recordatorio, deben utilizarse métodos de higiene como el
lavado de manos frecuente y eficaz:
1. Caliente, agua corriente de uso
2. Usar jabón siempre que sea posible
3. Frotar las manos durante al menos 20 segundos
4. Matorrales por debajo de las uñas
5. Enjuague y luego seque

Cuándo lavarse las manos:
1. Despues de usar el inodoro
2. 2. Antes de comer o tocar alimentos

Esta es una traducción de un documento de inglés proporcionado como cortesía a
aquellas no domina el inglés.  Si se produce diferencias o cualquier
malentendido, los documentos de registro será el documento inglés relacionado.

This is a translation of an English-language document provided as a courtesy to
those not fluent in English.  If differences or any misunderstandings occur, the
documents of record shall be the related English-language document.



**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

---

*U.S. Custom House*
*2nd & Chestnut Streets - 7th Floor*
*Philadelphia, PA. 19106*

April 6, 2017

Roy Belfast, Reg. No. 76556-004
USP Lee
P.O. Box 305
Jonesville, VA   24263

Re: Administrative Claim **Received July 17, 2017**
    Claim No. Claim No. TRT-NER-2017-05669

Dear Mr. Belfast:

This will acknowledge receipt of your administrative claim for an alleged loss of personal property or personal injury at USP Lewisburg.

Under the provisions of the applicable federal statutes, we have **six months from the date of receipt** to review, consider, and adjudicate your claim.

All correspondence regarding this claim should be addressed to Federal Bureau of Prisons, Northeast Regional Office, Room 701, U.S. Custom House, 2nd & Chestnut Street, Philadelphia, Pennsylvania 19106.  If the circumstances surrounding this claim change in any fashion, you should contact this office immediately.  Also, should your address change, you should contact this office in writing accordingly.

Sincerely,

Michael D. Tafelski
Regional Counsel



**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

_Via Certified and Return Receipt Mail_

---

*U.S. Custom House-7th Floor*
*2nd & Chestnut Streets*
*Philadelphia, P.A. 19106*

January 16, 2018

Roy Belfast, Reg. No. 76556-004
USP Lee
P.O. Box 305
Jonesville, VA 24263

    RE:  Administrative Claim No. TRT-NER-2017-05669

Dear Mr. Belfast:

    Your Administrative Claim No. TRT-NER-2017-05669 properly received on July 17, 2017, has been considered for settlement as provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. §2672, under authority delegated to me by 28 C.F.R. §543.30. Damages are sought in the amount of $28,000.00 based on a personal injury claim. Specifically, you allege you became ill after being served contaminated food at USP Lewisburg.

    After careful review of this claim, I have decided a settlement offer will be made in the amount of $100.00. This amount is based upon our assessment of the relative value of your claim, based on your symptoms and treatment as verified in your medical record, and other factors. This is neither an admission nor denial of government liability.

    If this amount is acceptable for settlement, please complete the highlighted portions and sign the enclosed voucher and promptly return it to this office for processing. If the offer is unacceptable, suit may be brought against the United States in the appropriate United States District Court within six (6) months of the date of this letter.

                    Sincerely,

                    Joyce M. Horikawa
                    Acting Regional Counsel

cc: David J. Ebbert, Warden, USP Lewisburg

FMS Form 197
Department of the Treasury

AUTHORIZED FOR LOCAL REPRODUCTION

## VOUCHER FOR PAYMENT

Voucher No. _____

**WHERE A SETTLEMENT AGREEMENT HAS *NOT* BEEN EXECUTED**
**AND ATTACHED OR WHERE A FINAL JUDGMENT IS *NOT* ATTACHED**

Schedule No. _____
Claim No. _____

### A. PAYMENT DATA: *(PLEASE TYPE OR PRINT CLEARLY)*

PAID BY
(For use by
Treasury only.)

(1) Submitting Agency/Office:    Federal Bureau of Prisons

(2) Agency/Office Mailing Address:    USP Lewisburg

(3) Agency/Office Contact Person and Telephone No.:    Controller

(4) Payee(s): (a)    Roy Belfast, Reg. No. 76556-004

(5) Taxpayer Identification No., SSN, or EIN of **each Payee**:   (a) _____

6) Total Amount:    one hundred dollars ($100.00)

(7) Electronic Funds Transfer (EFT) Information:

(a) Payee Account Name:  N/A          (d) Bank Name and Address:  N/A
(b) ABA Bank # (9 digits): N/A
© Payee Account #:    N/A
(d) Checking:    N/A   Savings: N/A

(8) Briefly Identify Claim:
Alleged personal injury claim of food borne illness at USP Lewisburg        Administrative Claim No. TRT-NER-2017-05669

### B. ACCEPTANCE BY CLAIMANT(S).   *(NOTE: For use ONLY where final judgment has NOT been entered or where claimant has NOT signed another agreement.   Use FMS Form 197A where final judgment has been entered or another agreement has been signed by the claimant(s).)*

*I, (We), the claimant(s) and beneficiaries, do hereby accept the within-stated award, compromise, or settlement as final and conclusive on me (us), on my (our) heirs, executors, administrators or assigns, and agree that said acceptance constitutes a complete release by me (us), my (our) heirs, executors, administrators or assigns of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising now or in the future from, and by reason of any and all known and unknown, foreseen and unforeseen, bodily and personal injuries (including wrongful death), damages to property, breaches of contract or law, and any other acts or omissions, and the consequences thereof resulting, and to result, from the same subject matter that gave rise to the claim for which I (we) or my (our) heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States and against the employee(s) of the Government whose acts or omissions gave rise to the claim by reason of the same subject matter.  I (We) further agree to reimburse, indemnify and hold harmless the United States, its agents, servants and employees from any and all claims or causes of action, including wrongful deaths, that arise or may arise from the acts or omissions that gave rise to the claim by reason of the same subject matter.*

(SIGN ORIGINAL ONLY)

Date: _____ , 2017

(Claimant(s) sign above)

### C. AGENCY APPROVING OFFICIAL:  This claim has been fully examined in accordance with 28 U.S.C. §2672 and approved in the amount of  $100.00

Signed: _____

Title: _____ ACTING REGIONAL COUNSEL

Date: _____

### D. OTHER ACCOUNTING INFORMATION AND CERTIFICATIONS:  (For use by Treasury only.)

FMS Form 197
12-96 (PREVIOUS EDITIONS ARE OBSOLETE)

DEPARTMENT OF THE TREASURY
FINANCIAL MANAGEMENT SERVICE



**U.S. Department of Justice**

Federal Bureau of Prisons

*Northeast Regional Office*

---

*Via Certified and Return Receipt Mail*

U.S. Custom House-7th Floor
2nd & Chestnut Streets
Philadelphia, P.A. 19106

April 9, 2018

Roy Belfast, Reg. No. 76556-004
USP Lee
P.O Box 305
Jonesville, VA  24263

    RE:  Correspondence Received March 26, 2018
           Administrative Claim No. TRT-NER-2017-05669

Dear Mr. Belfast:

    This letter acknowledges receipt of an undated letter received in this office on March 26, 2018, which reflects you have decided not to accept our settlement offer of $100.00.

    If the circumstance surrounding this claim change in any fashion, you should contact his office immediately.

                  Sincerely,

                  Joyce M. Horikawa
                  Acting Regional Counsel

§ 2672.        Administrative adjustment of claims

The head of each Federal agency or his designee, in accordance with regulations prescribed by the Attorney General, may consider, ascertain, adjust, determine, compromise, and settle any claim for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred: *Provided,* That any award, compromise, or settlement in excess of $25,000 shall be effected only with the prior written approval of the Attorney General or his designee. Notwithstanding the proviso contained in the preceding sentence, any award, compromise, or settlement may be effected without the prior written approval of the Attorney General or his or her designee, to the extent that the Attorney General delegates to the head of the agency the authority to make such award, compromise, or settlement. Such delegations may not exceed the authority delegated by the Attorney General to the United States attorneys to settle claims for money damages against the United States. Each Federal agency may use arbitration, or other alternative means of dispute resolution under the provisions of subchapter IV of chapter 5 of title 5 [5 USCS §§ 571 et seq.], to settle any **tort claim** against the United States, to the extent of the agency's authority to award, compromise, or settle such claim without the prior written approval of the Attorney General or his or her designee.

Subject to the provisions of this title relating to civil actions on tort claims against the United States, any such award, compromise, settlement, or determination shall be final and conclusive on all officers of the Government, except when procured by means of fraud.

Any award, compromise, or settlement in an amount of $2,500 or less made pursuant to this section shall be paid by the head of the Federal agency concerned out of appropriations available to that agency. Payment of any award, compromise, or settlement in an amount in excess of $2,500 made pursuant to this section or made by the Attorney General in any amount pursuant to section 2677 of this title [28 USCS § 2677] shall be paid in a manner similar to judgments and compromises in like causes and appropriations or funds available for the payment of such judgments and compromises are hereby made available for the payment of awards, compromises, or settlements under this chapter [28 USCS §§ 2671 et seq.].

The acceptance by the claimant of any such award, compromise, or settlement shall be final and conclusive on the claimant, and shall constitute a complete release of any claim against the United States and against the employee of the government whose act or omission gave rise to the claim, by reason of the same subject matter.

    (June 25, 1948, ch 646, 62 Stat. 983; April 25, 1949, ch 92, § 2(b), 63 Stat. 62; May 24, 1949, ch

USCS                                     **1**

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



139, § 125, 63 Stat. 106; Sept. 23, 1950, ch 1010, § 9, 64 Stat. 987; Sept. 8, 1959, P. L. 86-238, § 1(1), 73 Stat. 471; July 18, 1966, P. L. 89-506, §§ 1, 9(a), 80 Stat. 306, 308; Nov. 15, 1990, P. L. 101-552, § 8(a), 104 Stat. 2746 .)

**Prior law and revision:**

USCS                                                2

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



§ 2674.        Liability of United States

The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

If, however, in any case wherein death was caused, the law of the place where the act or omission complained of occurred provides, or has been construed to provide, for damages only punitive in nature, the United States shall be liable for actual or compensatory damages, measured by the pecuniary injuries resulting from such death to the persons respectively, for whose benefit the action was brought, in lieu thereof.

With respect to any claim under this chapter [28 USCS §§ 2671 et seq.], the United States shall be entitled to assert any defense based upon judicial or legislative immunity which otherwise would have been available to the employee of the United States whose act or omission gave rise to the claim, as well as any other defenses to which the United States is entitled.

With respect to any claim to which this section applies, the Tennessee Valley Authority shall be entitled to assert any defense which otherwise would have been available to the employee based upon judicial or legislative immunity, which otherwise would have been available to the employee of the Tennessee Valley Authority whose act or omission gave rise to the claim as well as any other defenses to which the Tennessee Valley Authority is entitled under this chapter [28 USCS §§ 2671 et seq.].

(June 25, 1948, ch 646, 62 Stat. 983; Nov. 18, 1988, P. L. 100-694, §§ 4, 9(c), 102 Stat. 4564, 4567 .)

**Prior law and revision:**

Based on title 28, U.S.C., 1940 ed., § 931(a) (Aug. 2, 1946, ch. 753, § 410(a), 60 Stat. 843).

Section constitutes the liability provisions in the second sentence of section 931(a) of title 28, U.S.C., 1940 ed.

Other provisions of section 931(a) of title 28, U.S.C., 1940 ed., are incorporated in sections 1346(b), 1402, 2402, 2411, and 2412 of this title, but the provision of such section 931(a) that the United States shall not be liable for interest prior to judgment was omitted as unnecessary in view of section 2411 of this title, which provides that interest on judgments against the United States shall be computed from the date of judgment. Such section 2411 is made applicable to **tort-claim** actions by section 932 of title 28, U.S.C., 1940 ed.

Changes were made in phraseology.

**Senate Revision Amendment**

USCS                                          1

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



For Senate amendment to this section, see 80th Congress Senate Report No. 1559, amendment No. 60.

**Amendments:**

**1988.** Act Nov. 18, 1988 (effective upon enactment and applicable as provided by § 8 of such Act, which appears as 28 USCS § 2679 note), added the third and fourth paras.

USCS                                    **2**

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



§ 2676.        Judgment as bar

The judgment in an action under section 1346(b) of this title [28 USCS § 1346(b)] shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim.

(June 25, 1948, ch 646, 62 Stat. 984 .)

**Prior law and revision:**

Based on title 28, U.S.C., 1940 ed., § 931(b) (Aug. 2, 1946, ch. 753 § 410(b), 60 Stat. 844).

Section constitutes the first sentence of section 931(b) of title 28, U.S.C., 1940 ed. Other provisions of such section 931(b) are incorporated in section 2675 of this title.

Changes were made in phraseology.

### Senate Revision Amendment

This section was eliminated by Senate amendment. See 80th Congress Senate Report No. 1559.

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



§ 2671.      Definitions

As used in this chapter [28 USCS §§ 2671 et seq.] and sections 1346(b) and 2401(b) of this title [28 USCS §§ 1346(b) and 2401(b)], the term "Federal agency" includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States.

"Employee of the government" includes (1) officers or employees of any federal agency, members of the military or naval forces of the United States, members of the National Guard while engaged in training or duty under section 115, 316, 502, 503, 504, or 505 of title 32 [32 USCS § 115, 316, 502, 503, 504, or 505], and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation, and (2) any officer or employee of a Federal public defender organization, except when such officer or employee performs professional services in the course of providing representation under section 3006A of title 18 [18 USCS § 3006A].

"Acting within the scope of his office or employment," in the case of a member of the military or naval forces of the United States or a member of the National Guard as defined in section 101(3) of title 32 [32 USCS § 101(3)], means acting in line of duty.

(June 25, 1948, ch 646, 62 Stat. 982; May 24, 1949, ch 139, § 124, 63 Stat. 106; July 18, 1966, P. L. 89-506, § 8, 80 Stat. 307; Dec. 29, 1981, P. L. 97-124, § 1, 95 Stat. 1666; Nov. 18, 1988, P. L. 100-694, § 3, 102 Stat. 4564; Oct. 30, 2000, P. L. 106-398, § 1, 114 Stat. 1654; Nov. 13, 2000, P. L. 106-518, Title IV, § 401, 114 Stat. 2421 .)

**HISTORY; ANCILLARY LAWS AND DIRECTIVES**

**Prior law and revision:**

**1948 Act**

Based on title 28, U.S.C., 1940 ed., § 941 (Aug. 2, 1946, ch. 753, § 402, 60 Stat. 842).

Changes were made in phraseology.

**1949 Act**

This section corrects a typographical error in section 2671 of title 28, U.S.C.

**Explanatory notes:**

The amendment made by § 1 of Act Oct. 30, 2000, P. L. 106-398, is based on § 665(b) of Subtitle E of Title VI of Division A of H.R. 5408 (114 Stat. 1654A-169), as introduced on Oct. 6, 2000, which was enacted into law by such § 1.

**Amendments:**

USCS                                    1

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



**1949.** Act May 24, 1949 in the third paragraph substituted "office" for "offict".

**1966.** Act July 18, 1966 (applicable to claims accruing 6 months or more after the date of enactment as provided by § 10 of such Act, which appears as 28 USCS § 2672 note) substituted the first undesignated paragraph for:

"As used in this chapter and sections 1346(b) and 2401(b) of this title, the term--

" 'Federal agency' includes the executive departments and independent establishment of the United States, and corporations primarily acting as, instrumentalities or agencies of the United States but does not include any contractor with the United States.".

**1981.** Act Dec. 29, 1981 (applicable only with respect to claims arising on or after 12/29/81, as provided by § 4 of such Act, which appears as 10 USCS § 1089 note), in the second paragraph, inserted "members of the National Guard while engaged in training or duty under section 316, 502, 503, 504, or 505 of title 32,"; and in the third paragraph, inserted "or a member of the National Guard as defined in section 101(3) of title 32".

**1988.** Act Nov. 18, 1988 (effective and applicable as provided by § 8 of such Act, which appears as 28 USCS § 2679 note), in the first undesignated paragraph, inserted "the judicial and legislative branches,".

**2000.** Act Oct. 30, 2000 (applicable as provided by § 665(c)(2) of H.R. 5408, as enacted into law by such Act, which appears as a note to this section), in the second undesignated paragraph, inserted "115,".

Act Nov. 13, 2000, in the second undesignated paragraph, inserted "(1)" and substituted ", and (2) any officer or employee of a Federal public defender organization, except when such officer or employee performs professional services in the course of providing representation under section 3006A of title 18." for a concluding period.

**Other provisions:**

**Congressional findings and purposes.** Act Nov. 18, 1988, P. L. 100-694, § 2, 102 Stat. 4563, effective on enactment and applicable as provided by § 8 of such Act, which appears as 28 USCS § 2679 note, provided:

"(a) Findings. The Congress finds and declares the following:

"(1) For more than 40 years the Federal Tort Claims Act [for full classification, consult USCS Tables volumes] has been the legal mechanism for compensating persons injured by negligent or wrongful acts of Federal employees committed within the scope of their employment.

"(2) The United States, through the Federal Tort Claims Act [for full classification, consult USCS Tables volumes], is responsible to injured persons for the common law torts of its employees in the same manner in which the common law historically has recognized the responsibility of an employer for torts committed by its employees within the scope of their employment.

"(3) Because Federal employees for many years have been protected from personal common law tort liability by a broad based immunity, the Federal Tort Claims Act [for full classification, consult USCS Tables volumes] has served as the sole means for compensating persons injured by the tortious conduct of Federal employees.

"(4) Recent judicial decisions, and particularly the decision of the United States Supreme Court

USCS                      **2**

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



in Westfall v. Erwin [98 L Ed 2d 619], have seriously eroded the common law tort immunity previously available to Federal employees.

"(5) This erosion of immunity of Federal employees from common law tort liability has created an immediate crisis involving the prospect of personal liability and the threat of protracted personal tort litigation for the entire Federal workforce.

"(6) The prospect of such liability will seriously undermine the morale and well being of Federal employees, impede the ability of agencies to carry out their missions, and diminish the vitality of the Federal Tort Claims Act [for full classification, consult USCS Table volumes] as the proper remedy for Federal employee torts.

"(7) In its opinion in Westfall v. Erwin [98 L Ed 2d 619], the Supreme Court indicated that the Congress is in the best position to determine the extent to which Federal employees should be personally liable for common law torts, and that legislative consideration of this matter would be useful.

"(b) Purpose. It is the purpose of this Act [amending generally 28 USCS §§ 2671 et seq.; for full classification, consult USCS Tables volumes] to protect Federal employees from personal liability for common law torts committed within the scope of their employment, while providing persons injured by the common law torts of Federal employees with an appropriate remedy against the United States.".

**Severability provisions.** Act Nov. 18, 1988, P. L. 100-694, § 7, 102 Stat. 4565, effective upon enactment as provided by § 8 of such Act, which appears as 28 USCS § 2679 note, provided: "If any provision of this Act [amending generally 28 USCS §§ 2671 et seq.; for full classification, consult USCS Tables volumes] or the amendments made by this Act [amending generally 28 USCS §§ 2671 et seq.; for full classification, consult USCS Tables volumes] or the application of the provision to any person or circumstance is held invalid, the remainder of this Act [amending generally 28 USCS §§ 2671 et seq.; for full classification, consult USCS Tables volumes] and such amendments and the application of the provision to any other person or circumstance shall not be affected by that invalidation.".

**When does law enforcement officer act within scope of office or employment; rule of construction.** Act Oct. 21, 1998, P. L. 105-277, § 101(h) [Title VI, § 627], 112 Stat. 2681-519; Sept. 29, 1999, P. L. 106-58, Title VI, § 623, 113 Stat. 471, provides:

"(a) Definitions. In this section--

"(1) the term 'crime of violence' has the meaning given that term in section 16 of title 18, United States Code; and

"(2) the term 'law enforcement officer' means any employee described in subparagraph (A), (B), or (C) of section 8401(17) of title 5, United States Code; and any special agent in the Diplomatic Security Service of the Department of State.

"(b) Rule of construction. Effective on the date of the enactment of this Act and thereafter, and notwithstanding  any other provision of law, for purposes of chapter 171 of title 28, United States Code [28 USCS §§ 2671 et seq.], or any other provision of law relating to tort liability, a law enforcement officer shall be construed to be acting within the scope of his or her office or employment, if the officer takes reasonable action, including the use of force, to--

USCS                                    3

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



"(1) protect an individual in the presence of the officer from a crime of violence;

"(2) provide immediate assistance to an individual who has suffered or who is threatened with bodily harm; or

"(3) prevent the escape of any individual who the officer reasonably believes to have committed in the presence of the officer a crime of violence.".

**Applicability of Oct. 30, 2000 amendment.** Act Oct. 30, 2000, P. L. 106-398, § 1, 114 Stat. 1654 (enacting into law § 665(c)(2) of Subtitle E of Title VI of Division A of H.R. 5408 (114 Stat. 1654A-169), as introduced on Oct. 6, 2000), provides: "The amendment made by subsection (b) [amending this section] shall apply with respect to acts and omissions occurring before, on, or after the date of the enactment of this Act.".

### Code of Federal Regulations

Office of the Secretary of Agriculture-Administrative regulations,   7 CFR 1.1 et seq

National Aeronautics and Space Administration-Processing of monetary claims (general),   14 CFR 1261.100 et seq

Broadcasting Board of Governors-Federal tort claims procedure,   22 CFR 511.1 et seq

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.



§ 1346.        United States as defendant

(a) The district courts shall have original jurisdiction, concurrent with the United States Claims
Court [United States Court of Federal Claims], of:
    (1) Any civil action against the United States for the recovery of any internal-revenue tax
    alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to
    have been collected without authority or any sum alleged to have been excessive or in any
    manner wrongfully collected under the internal-revenue laws;
    (2) Any other civil action or claim against the United States, not exceeding $10,000 in
    amount, founded either upon the Constitution, or any Act of Congress, or any regulation of an
    executive department, or upon any express or implied contract with the United States, or for
    liquidated or unliquidated damages in cases not sounding in tort, except that the district courts
    shall not have jurisdiction of any civil action or claim against the United States founded upon
    any express or implied contract with the United States or for liquidated or unliquidated
    damages in cases not sounding in tort which are subject to sections 7104(b)(1) and 7107(a)(1)
    of title 41. For the purpose of this paragraph, an express or implied contract with the Army
    and Air Force Exchange Service, Navy Exchanges, Marine Corps Exchanges, Coast Guard
    Exchanges, or Exchange Councils of the National Aeronautics and Space Administration shall
    be considered an express or implied contract with the United States.

(b) (1) Subject to the provisions of chapter 171 of this title [28 USCS §§ 2671 et seq.], the
district courts, together with the United States District Court for the District of the Canal Zone
and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on
claims against the United States, for money damages, accruing on and after January 1, 1945, for
injury or loss of property, or personal injury or death caused by the negligent or wrongful act or
omission of any employee of the Government while acting within the scope of his office or
employment, under circumstances where the United States, if a private person, would be liable to
the claimant in accordance with the law of the place where the act or omission occurred.
    (2) No person convicted of a felony who is incarcerated while awaiting sentencing or while
    serving a sentence may bring a civil action against the United States or an agency, officer, or
    employee of the Government, for mental or emotional injury suffered while in custody without
    a prior showing of physical injury or the commission of a sexual act (as defined in section
    2246 of title 18).

(c) The jurisdiction conferred by this section includes jurisdiction of any set-off, counterclaim, or
other claim or demand whatever on the part of the United States against any plaintiff commencing
an action under this section.

(d) The district courts shall not have jurisdiction under this section of any civil action or claim for

USCS                                1

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions
and terms and conditions of the Matthew Bender Master Agreement.



a pension.

(e) The district courts shall have original jurisdiction of any civil action against the United States provided in section 6226, 6228(a), 7426, or 7428 [28 USCS § 6226, 6228(a), 7426, or 7428] (in the case of the United States district court for the District of Columbia) or section 7429 of the Internal Revenue Code of 1954 [26 USCS §§ 6226, 6228(a), 7426, 7428, 7429].

(f) The district courts shall have exclusive original jurisdiction of civil actions under section 2409a [28 USCS § 2409a] to quiet title to an estate or interest in real property in which an interest is claimed by the United States.

(g) Subject to the provisions of chapter 179 [28 USCS §§ 3901 et seq.], the district courts of the United States shall have exclusive jurisdiction over any civil action commenced under section 453(2) of title 3, by a covered employee under chapter 5 of such title [3 USCS §§ 401 et seq].

(June 25, 1948, ch 646, 62 Stat. 933; April 25, 1949, ch 92, § 2(a), 63 Stat. 62; May 24, 1949, ch 139, § 80(a), (b), 63 Stat. 101; Oct. 31, 1951, ch 655, § 50(b), 65 Stat. 727; July 30, 1954, ch 648, § 1, 68 Stat. 589; July 7, 1958, P. L. 85-508, § 12(e), 72 Stat. 348; Aug. 30, 1964, P. L. 88-519, 78 Stat. 699; Nov. 2, 1966, P. L. 89-719, Title II, § 202(a), 80 Stat. 1148; July 23, 1970, P. L. 91-350, § 1(a), 84 Stat. 449; Oct. 25, 1972, P. L. 92-562, § 1, 86 Stat. 1176; Oct. 4, 1976, P. L. 94-455, Title XII, §§ 1204(c)(1), Title XIII, 1306(b)(7), 90 Stat. 1697, 1719; Nov. 1, 1978, P. L. 95-563, § 14(a), 92 Stat. 2389; April 2, 1982, P. L. 97-164, Title I, Part A, § 129, 96 Stat. 39; Sept. 3, 1982, P. L. 97-248, Title IV, § 402(c)(17), 96 Stat. 669; April 26, 1996, P. L. 104-134, Title I [Title VIII, § 806], 110 Stat. 1321-75; May 2, 1996, P. L. 104-140, § 1(a), 110 Stat. 1327; Oct. 26, 1996, P. L. 104-331, § 3(b)(1), 110 Stat. 4069; Jan. 4, 2011, P. L. 111-350, § 5(g)(6), 124 Stat. 3848; March 7, 2013, P. L. 113-4, Title XI, § 1101(b), 127 Stat. 134 .)

© 2018 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

Roy Belfast Jr 76556-004
USP LEE
P.O. Box 305
- Jonesville, Va 24263

RECEIVED
SCRANTON

JUL 16 2018

PER _____ DEPUTY CLERK





PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

CERTIFIED MAIL

7017 3380 0000 7343 5337

U.S. D
Middle
William
U.S. Cour
P.O. Bo